IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD STOCKTON                           :
                                          :
    Plaintiff                             :
                                          :  CIVIL NO. 1:CV-16-0613
    vs.                                   :
                                          :  (Judge Caldwell)
JOHN WETZEL, *et al.*,                    :
                                          :
    Defendants                            :

*M E M O R A N D U M*

On April 4, 2016, the pro se plaintiff, Ronald Stockton, filed this civil-rights action naming fifteen Pennsylvania Department of Corrections (DOC) employees, alleging that staff retaliated against him, failed to protect him from assault, and then assaulted him on September 30, 2013 at the state correctional institution in Benner Township, Pennsylvania. (Doc. 1, Compl.) After we directed the Clerk of Court to send waiver-of-service forms to the named defendants, Stockton filed a "Supplemental Complaint / Additional Defendants / Notice of Plaintiff's Address Change." (Doc. 15). It appears Stockton, who is now housed at SCI-Houtzdale, seeks to name two new defendants in his "supplemental complaint," CO Park and a physician from a local hospital. (*Id.*) To date, the originally named defendants have waived service but not filed a response to the Complaint.[1] Because the proposed amended complaint is incomplete and fragmented as it

---

[1] Pending before the Court is Defendants' motion for enlargement of time (Doc. 23), this motion will be denied as moot in light of our requirement that Stockton file an amended complaint.

does not include any of the claims asserted in the original Complaint, Stockton will be directed to file an all-inclusive amended complaint.

> The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):
>
> (1)  Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> (A)  21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Based on the procedural history of this case, Stockton may file an amended complaint as a matter of course.

If Stockton decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Stockton is advised that any amended complaint he may file supersedes the original complaint and his "supplement" and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.  His amended complaint may not incorporate by reference his original complaint.  Consequently, all causes of action alleged in the

-2-

original complaint and supplement which are not alleged in the amended complaint are waived.  The same is true with respect to those Stockton wishes to name as defendants.

Stockton is also advised that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  Stockton must also specify the relief he seeks with regard to each claim.  Finally, Stockton is cautioned that his amended complaint must be legible.  If printing his amended complaint, he should double space his text and write as clearly as possible.  Illegible document will be returned without any action being taken on them.

Stockton's failure to file an appropriate amended complaint within the required time will result in this action proceeding on his original complaint (Doc. 1).

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 11, 2016