# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

RONALD STOCKTON,

    Plaintiff

v.

JOHN WETZEL, ET AL.,

    Defendants

CIVIL NO. 1:CV-16-0613

(Judge Conaboy)

FILED
SCRANTON
JUL 1 7 2018

Per_____ DEPUTY CLERK

## MEMORANDUM

## I. Introduction

Pending before the Court is the Defendants' Motion to Compel Production of Documents pursuant to Federal Rule of Civil Procedure 37. (Doc. 68, Mot. to Compel). This motion is fully briefed and now ripe for disposition.

This case arises following a December 20, 2013 use-of-force incident where Stockton claims Defendants retaliated against him and conspired to assault him. Stockton also claims a nurse failed to treat his injuries sustained during the assault. As a consequence of his

actions that day, Stockton was criminally prosecuted and convicted of one count of aggravated assault.[1] (Doc. 33, Am. Compl.)

In the instant motion to compel, Defendants ask this Court to order Stockton to produce documents supporting his claims against Defendants as well as a copy of his criminal trial transcript. (Doc. 68). Plaintiff responds that Defendants' request is overbroad and a "fishing expedition" which seeks "privileged" documents. Plaintiff also objects to producing documents available from alternative third-party sources. (Docs. 70 and 78, Pl.'s Opp'n. Br.). Defendants argue Stockton has not proven his assertion of privilege and, despite their best efforts, they are unable to obtain copies of Stockton's criminal trial transcript from any other source. (Doc. 75, Defs.' Supp. Br.)

For the reasons that follow, the Defendants' Motion to Compel (Doc. 68) will be granted.

---

[1] See Commonwealth v. Stockton, CP-31-CR-0000254-2014 (Ct. Com. Pl. Huntington Cnty.). The Court takes judicial notice of the docket sheet in this matter which is available via Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

## II. Relevant Legal Standards

The scope and conduct of discovery are within the sound discretion of the trial court. In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661-62 (3d Cir. 2003); see also McConnell v. Canadian Pacific Realty Co., 280 F.R.D. 188, 192 (M.D. Pa. 2011) ("Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment."). The court's decision regarding the conduct of discovery, including whether to compel disclosure, will only be disturbed upon a showing of an abuse of discretion. See Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1310 (3d Cir. 1995).

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A matter is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence; and, the fact is of consequence in determining the action." Fed. R. Evid.

401; see also Coles Wexford Hotel, Inc. v. Highmark, Inc., 209 F. Supp.3d 810, 823 (W.D. Pa. 2016) ("[T]he scope of all discovery is limited to matter that is relevant to the claims or defenses in the case and proportional to what is at stake in a given case.").

Federal Rules of Civil Procedure 33 and 34 state that a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections, if any, to such discovery requests within thirty days after the service of the requests. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). A shorter or longer time may be directed by court order or by stipulation of the parties. (Id.; see also Fed. R. Civ. P. 29.)

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request or interrogatories. See Fed. R. Civ. P. 37(a)(3)(B)(iii

- iv). "A party seeking discovery bears the initial burden of demonstrating the requested discovery is relevant to its claim or defense." CedarCrestone, Inc. v. Affiliated Computer Services LLC, No. 1:14-MC-0298, 2014 WL 3055355, at *4 (M.D. Pa. 2014) (citing Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001)). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 193 (M.D. Pa. 2011) (citing In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009)).

## III. Relevant Background and Procedural History

On July 18, 2017, the Court granted in part and denied in part the Pennsylvania Department of Corrections' (DOC) motion to dismiss Stockton's Amended Complaint. (Doc. 48). The surviving claims relate to events that transpired at the State Correctional Institution at Smithfield (SCI-Smithfield) Restricted Housing Unit (RHU) on December 20, 2013. (Id.)

Stockton alleges the Defendants (Lt. Bard, Sgt. Miller, CO Willinksy, CO Harpster, CO Wilson, CO Barndt and CO Parks) improperly opened his RHU cell door for the explicit purpose of assaulting him.[2] Defendants' claim when CO Parks accidently opened Stockton's cell door, Stockton exited his cell and then refused repeated direct orders to return to his cell. Staff physically restrained Stockton and placed him in his cell. Stockton claims staff used excessive force to subdue him. He

---

[2] On March 28, 2018, the Court approved the parties Joint Stipulation for the dismissal of all claims against Sergeant Timothy Miller filed pursuant to Fed. R. Civ. P. 41(a)(1)(ii). See Doc. 66.

- 6 -

alleges Nurse Houck failed to provide him with any medical care for injuries.

Defendants seek to compel Stockton to provide documents responsive to their two document requests. First, Defendants sought "Any and all documents that you have that support your claims against the Defendants," and second, Defendants requested "Any and all documents that you have from your Criminal Trial Commonwealth of Pennsylvania v. Ronald Terell Stockton, MJ-20303-CR-0000050-2014." (Doc. 68-1). In his response to Defendants' request, Stockton argued the requested documents "fall within the scope of privileged information" (Doc. 68-2), and that Defendants are on a "fishing expedition" and that him "turning over everything [he] intends to litigate is not going to happen." (Doc. 78). He adds that his previous offer to provide Defendants with a copy of his trial transcript for four free copies "of all the documents" they produced in discovery (Doc. 75-3) "is now off the table." (Doc. 78).

The Court will address the Defendants' two requests *seriatim*.

## IV. Discussion

### A. Document Request No. 1: Any and all documents that you have to support your claims against the Defendants.

> Response: Objection. Plaintiff objects to this request as broad in nature, and some if not all fall within the scope of privileged information. (Doc. 68-2).

Defendants are correct; Stockton's assertion of "privilege" is poorly defined and unsupported. Neither Plaintiff's discovery response nor his brief in opposition to the Defendants' Motion to Compel (Doc. 70) shed any light regarding the documents he claims to be protected "privileged information" or attempt to define the applicable privilege.

To the extent Stockton is attempting to assert a work-product privilege, the critical inquiry is whether Stockton prepared the document at issue in anticipation

of litigation for the purpose of analyzing and preparing his case. See In re Grand Jury Matter #3, 847 F.3d 157, 165 (3d Cir. 2017). The work-product doctrine does not cover documents prepared in the ordinary course of business, rather it protects those prepared in anticipation of litigation. "Mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" are protected from disclosure. See Fed. R. Civ. P. 26(b)(3). Since Stockton has not identified any documents in his response to Defendants' first request, the Court will direct that he identify all documents responsive to this request and specify which, if any, he seeks to limit the disclosure of based on work-product privilege. Identified documents which Stockton does not assert a specific privilege over shall be produced in accordance with Fed. R. Civ. P. 34 for the Defendants for inspection and copying.

B.  **Document Request No. 2:**
    **Any and all documents that you have from your trial Commonwealth of Pennsylvania v. Ronald Terell Stockton, MJ-20303-CR-0000050-2014.**

    Response: Objection. Plaintiff objects to this request as my documents obtain by and through attorney privileged, and the rest is public info, and Defendants/subordinates has already stolen privileged documents in the past week [remainder of sentence is indecipherable].

Defendants specifically state in their supporting brief that they "do not seek any attorney/client privileged information from Plaintiff's criminal trial". (Doc. 75, p. 2). Defendants only seek to procure a copy of the transcript from the criminal trial, which directly relates to the underlying force incident at issue in this case. Defendants argue that they have contacted the original court reporter and the District Attorney involved in the criminal case only to learn neither have copies of the transcript. When Defendants contacted the Clerk of Courts they were told the transcript was with the Superior Court in connection with Mr. Stockton's criminal appeal. The Superior Court, when contacted,

advised Defendants that the transcript was unavailable as the matter was before a panel of Judges. (Id.) Defendants, only after exhausting all other avenues to obtain the transcript, requested the same from Mr. Stockton, first via a telephone conference and then as a formal discovery request. Mr. Stockton's April 21, 2018 response to Defense counsel that "the only way [he] will send the documents that [she] requested is if you give me 4 free copies of all the documents that you sent Mrs. Reifer, otherwise you can get them from the court. You cannot compel me to turn over documents that you can obtain through other measures on your own." (Doc. 75-3, pp. 1-2). Mr. Stockton's contemptuous response comes very close to obstructionist behavior that prevents the progression of his case. Defendants have clearly requested the transcript from Plaintiff after exhausting all other avenues. At this point, Mr. Stockton will be required to make his copy of the transcript from his criminal trial available for inspection and copying to the Defendants.

An appropriate Order will enter.

DATED: July ___, 2018            _____
                                 RICHARD P. CONABOY
                                 United States District Judge