# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD STOCKTON, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 1:CV-16-0613 |
| | : (Judge Conaboy) |
| JOHN WETZEL, ET AL., | : |
| Defendants | : |

**MEMORANDUM**

## I. Introduction

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. For the reasons expressed below, Plaintiff's motion will be denied.

## II. Standard of Review

The filing of an amended complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). See also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)) (providing that an amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of the amendment). The grant or denial of leave to

amend is committed to the "sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

III. **Relevant Procedural and Factual Background**

On April 4, 2016, Ronald Stockton filed this civil rights action against various Pennsylvania Department of Corrections (DOC) employees relative to a use-of-force incident that occurred on September 30, 2013. (Doc. 1, Compl.) After the Court directed service of the Complaint, but before the named Defendants waived service, Stockton filed a "supplemental complaint" naming additional defendants and raising new claims. (Doc. 15, Supp. Compl.) The Court then instructed Stockton to file an all-inclusive amended complaint. (Doc. 25). On August 15, 2016, Plaintiff filed an Amended Complaint, complete with over twenty-five pages of exhibits. (Doc. 33, Am. Compl.)

On July 18, 2017, the Court granted in part and denied in part the Pennsylvania Department of Corrections' (DOC) motion to dismiss Stockton's Amended Complaint. (Doc. 48). The surviving claims relate to events that transpired at the State Correctional Institution at Smithfield (SCI-Smithfield) Restricted Housing Unit (RHU) on December 20, 2013. (Id.) Stockton alleges the Defendants (Lt. Bard, Sgt. Miller, CO Willinksy, CO Harpster, CO Wilson, CO Barndt and CO Parks) improperly opened his RHU cell door for the explicit purpose of assaulting him. Defendants' claim when CO Parks accidently opened Stockton's cell door, Stockton exited his cell and then refused repeated direct orders to return to his cell. Staff physically restrained Stockton and placed him in his cell. Stockton claims staff used excessive force to subdue him. He alleges Nurse Houck failed to provide him with any medical care for injuries. (Id.)

After Defendants filed an Answer to the remaining claims, the Court issued a scheduling order; the discovery period ended on February 15, 2018, with dispositive motions filed thirty days later. (Doc. 50). While the parties sought an enlargement of the dispositive motions deadline, neither party sought to enlarge the discovery period. See Doc. 63 and 72. In June 2018, the Court stayed the dispositive motions deadline pending resolution of the parties' competing motions to compel. (Doc. 84).

On May 13, 2018, Stockton filed a motion to file an amended complaint along with a proposed second amended complaint. (Doc. 76 and 76-1). Plaintiff argues that his proposed amended complaint "relates back to the original/Amendment. It proves that the opening of RHU Doors has long since been a problem at SCI-Smithfield a secure level 5 housing unit, which, in turn, makes the unit unsafe." (Doc. 76). As such, he seeks to reinstate his failure-to-protect

claim against Defendants Wetzel, Fisher, Oliver, Whitesel, Myers and Allison.[1] Plaintiff further seeks to reinstate his claim against Hearing Examiner (HEX) Himes based on a theory that her lack of a notary's license, or surety bond, renders her decision as a DOC Hearing Examiner, which placed him in the RHU, violative of his due process rights. He further argues that had HEX Himes not illegally placed him in the RHU, he would have never been assaulted on December 20, 2013. (Doc. 76-1). The Court, in connection with Defendants' motion to dismiss, previously addressed and dismissed these claims as well. Defendants oppose the Stockton's present motion on this basis and add that the proposed amendment is not only futile but comes long after the close of discovery. (Doc. 80).

---

[1] The Court also held that these Defendants lacked any personal involvement in the December 20, 2013-event and that Plaintiff had not plead a claim of supervisory liability based on their alleged knowledge of his door being opened one previous time for improper reasons. See Doc. 47.

## IV. Discussion

Stockton's proposed complaint and the current standing pleading, the Amended Complaint (Doc. 33) bear strikingly similarities. As noted above, Stockton seeks to reintroduce claims previously addressed, and dispensed with, by the Court in connection with Defendants' motion to dismiss the Amended Complaint and will not be repeated here.[2] See Docs. 47 and 48. Moreover, Stockton does not assert that the proposed second amended complaint is based on new facts learned via the discovery process in this case that closed five months ago. Defendants have already taken Plaintiff's deposition in this matter and the parties are preparing to file dispositive motions.

Based on these findings, allowing Stockton to file an amendment at this point in the litigation would not only be futile, but prejudicial to the

---

[2] Notably, Stockton did not seek reconsideration of that motion.

Defendants as discovery ended in this case several months ago. See Berger v. Edewater Steel Co., 911 F.2d 911, 923-24 (3d Cir. 1990) (denying motion to add additional claims made four months after new information became available and two months after close of extended discovery); Ahmed v. Ringler, No. 2:13-CV-1050, 2017 WL 30017, at *6 (E.D. Cal. Jan. 4, 2017); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from delayed motion to amend the complaint."); Priddy v. Edelman, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial."); Bassani v. Sutton, 430 Fed.Appx. 596, 597 (9th Cir. 2011) (holding that "the district court's ultimate

conclusions--that there would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to amend his complaint two years into litigation and after the close of discovery--were not an abuse of discretion.").

An appropriate order will follow.

DATED: July 19th, 2018

RICHARD P. CONABOY
United States District Judge