# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:16-CV-00613 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court are three post-summary judgment motions filed by self-represented Plaintiff, Ronald Stockton ("Stockton"). First, Stockton seeks reconsideration of Judge Caputo's October 2, 2019 order granting partial summary judgment in favor of Lt. Bard, Corrections Officer ("CO") Willinsky, CO Harpster, CO Barndt, CO Parks, and Nurse Houck ("Commonwealth Defendants"). (Docs. 117 – 118.) Specifically, he seeks the reinstatement of his Eighth Amendment medical claim against Nurse Houck. (Doc. 119.) Next, Plaintiff seeks to compel the disclosure of a confidential prison policy concerning the management of Level 5 housing units and the reproduction of previously identified discovery materials for his review prior to trial. (Doc. 126.) Finally, Stockton asks the court to order institutions who are not parties to this action to preserve video footage from his March, 2020 transfer from SCI-Houtzdale to SCI-Coal Township, to immediately

ship five boxes of personal property to him, and to permit him "to keep all property with [him] at all times". (Docs. 128 – 129.)

For the following reasons, the court will deny Stockton's motion for reconsideration, and the court will grant his motion to compel to the limited extent of directing Commonwealth Defendants to make previously produced materials available for Stockton's inspection prior to trial. Stockton's motion for injunctive relief will be denied without prejudice.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 4, 2015, state inmate Ronald Stockton initiated this action against several Pennsylvania Department of Corrections ("DOC") employees following a December 20, 2013 incident in the Restricted Housing Unit ("RHU") at the Smithfield State Correctional Institution ("SCI-Smithfield"). (Doc. 1.) Stockton claims staff attacked him without reason after he left his RHU cell when his door was popped open. (*Id.* at ¶¶ 1, 7 – 9.) The Commonwealth Defendants counter that a reasonable amount of force was used to subdue Stockton after he refused several orders to return to his RHU cell when it was mistakenly opened by an officer in the control bubble. (*Id.* at ¶ 11.)

In August 2015, Stockton filed an amended complaint. (Doc. 33.) On July 18, 2017, the Honorable Judge William W. Caldwell granted in part and denied in part Commonwealth Defendants' motion to dismiss. (Docs. 47 – 48.) The effect

of Judge Caldwell's order was to limit this case to two Eighth Amendment claims: (1) an excessive force claim against Lt. Bard, CO Willinsky, CO Harpster, CO Barndt, and CO Parks; and (2) a medical claim against Nurse Houck. (Doc. 48.)

The Commonwealth Defendants filed an answer to the amended complaint on August 10, 2017. (Doc. 49.) On February 5, 2018, this matter was assigned to the Honorable Richard P. Conaboy. (Doc. 92.) In January 2018, Stockton filed his first motion to compel seeking the disclosure of DOC Administrative Policy 6.5.1 which sets forth the administration of security Level 5 housing units, such as the RHU. While portions of this policy are available to the inmate population and public, other portions are not available for security reasons. (Doc. 54.) Judge Conaboy denied the motion to compel on May 3, 2018. (Doc. 73.)

In November 2018, this matter was reassigned to Judge Caputo. On October 2, 2019, Judge Caputo denied Stockton's second motion to compel production of policies relating to the administration of security in Level 5 housing units. (Doc. 115.) The same day, the court issued an order granting in part and denying in part the Commonwealth Defendants' motion for summary judgment. (Docs. 116 – 117.) The court, relying on the parties' submissions, including a video of Nurse Houck's December 20, 2019 encounter with Stockton and still photos of his injuries, ruled that Nurse Houck was not deliberately indifferent to his medical needs following the alleged assault by the other Commonwealth Defendants.

(Doc. 117.) As a result, the court granted summary judgment to the Commonwealth Defendants on Stockton's medical claim. (*Id*.)

Stockton then filed a motion for reconsideration, asking the court to reinstate his claim against Nurse Houck based on the argument that his injuries were greater than represented in the video and Nurse Houck improperly evaluated his head injury. (Doc. 118.) Commonwealth Defendants oppose the motion, asserting that Stockton's arguments do not warrant reconsideration because he is merely reiterating the arguments he made in opposition to their summary judgment motion. (Doc. 125.)

On December 11, 2019, Stockton filed a motion to compel, again requesting a copy of ADM 6.5.1. pertaining to the administration of the Level 5 housing units. (Doc. 126.) He seeks this information to prove that staff did not follow DOC procedures when opening his RHU cell on December 20, 2019. He also asks the court to order the Commonwealth Defendants to provide him a second opportunity to review more than 300 pages of materials previously produced in discovery. (Doc. 127.) The Commonwealth Defendants did not oppose the motion.

On March 31, 2020, this case was reassigned to the Honorable Jennifer P. Wilson.

On April 6, 2020, Stockton filed a motion for injunctive relief, seeking an order requiring the preservation of certain video evidence, production of certain

inventory sheets, and shipment of certain boxes of property.  (Doc. 128.)  The Commonwealth Defendants submitted a brief in opposition on April 20, 2020, (Doc. 131), and Stockton filed a reply brief on April 23, 2020.  (Doc. 132.)

### DISCUSSION

#### A. Motion for Reconsideration

Motions for reconsideration are not "to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to presently newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).  The decision of whether to grant a motion for reconsideration is left to the discretion of the district court.  *Le v. Univ. of Pa.*, 321 F.3d 403, 405 (3d Cir. 2003).

Stockton has not set forth a valid basis for reconsideration.  He does not raise any facts or caselaw that Judge Caputo failed to previously consider.  Rather, his motion simply reiterates the arguments he made in the summary judgment briefing, which the court rejected. As such, Plaintiff has not demonstrated grounds upon which the court can grant his motion for reconsideration.  Stockton's motion for reconsideration is, therefore, denied.

#### B. Motion to Compel

##### 1. Administrative Policy 6.5.1.

Federal Rule of Civil Procedure 37(a) governs a party's motion to compel discovery responses. Stockton claims that Commonwealth Defendants have failed to timely object to a discovery request for this policy, thus waiving any objections of defense. (Docs. 126, 127.) However, Stockton does not identify the discovery request that Commonwealth Defendants ignored or failed to address. Discovery in this matter closed in February, 2018. Moreover, the court, on two separate occasions, addressed and denied Stockton's motions requesting the release of this policy. (Docs. 74, 115.)

Attempting to provide new legal argument for the reconsideration of the court's decision on this matter, Stockton cites *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263 (3d Cir. 2016) (*en banc*), and suggests the nondisclosure of an unredacted copy of the Administrative Policy 6.5.1 would violate his due process right to a fair trial on the remaining excessive use of force claim. (Docs. 126, 127.) The court disagrees. In *Dennis*, a habeas matter, the Third Circuit Court of Appeals addressed the three critical elements a criminal defendant must show to prove a *Brady* violation.[1] However, Stockton does not present any caselaw to suggest the *Brady* rule is applicable outside of the criminal prosecution context. If

---

[1] The basic rule of *Brady* is that the Government has a constitutional obligation to disclose favorable evidence to a criminal defendant prior to trial where the evidence is material to the defendant's guilt or punishment. "[T]he evidence must be favorable to the accused, either because it is exculpatory, or because it is impeaching." *Dennis*, 834 F.3d at 284 (internal quotations and citation omitted); *see also Brady v. Maryland*, 373 U.S. 83 (1963).

Stockton is attempting to challenge his 2014 Huntingdon County Court of Common Pleas criminal conviction for his assault of CO Willinsky on December 20, 2013, he cannot do so in this case. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (prisoner challenging fact or duration of his confinement must file a habeas petition).

Alternatively, if Stockton is relying on *Dennis* to suggest that the Commonwealth Defendants are violating his due process rights because they have withheld exculpatory evidence, i.e. Administrative Policy 6.5.1., his argument is misplaced. Viewed in this light, Stockton's motion is seeking reconsideration of Judge Conaboy and Judge Caputo's decisions to deny the disclosure of an unredacted copy of the DOC's Administrative Policy 6.5.1. His motion will be denied as it simply recites arguments previously presented, and rejected, by the court.

### 2. Reproduction of Discovery Materials

In his motion to compel, Stockton states that Commonwealth Defendants produced over 300 pages of materials in response to his unspecified discovery requests. (Doc. 126.) Defense counsel sent these materials to the prison for his review. Stockton claims prison officials returned the materials to defense counsel prior to providing him the opportunity to review them. Commonwealth Defendants have failed to respond to Stockton's motion to compel. Given the

- 8 -

protracted history of this matter, and its present pretrial posture, the court will direct defense counsel to make previously produced discovery documents, videos, and photographs, available to Stockton for his inspection and copying prior to the pretrial conference in this matter.

### C. Motion for Preliminary Injunction

In his motion for injunctive relief, Stockton asserts that in March 2020, prison officials transferred him from SCI-Houtzdale to SCI-Coal Township. (Docs. 128, 129.) He asserts that his property was inventoried and packed outside of his presence and placed into five boxes. Stockton claims unidentified staff stole and/or damaged his "private property". (*Id.*) He seeks an order requiring prison officials to preserve March 30 and 31, 2020 video recordings of different sites within SCI-Houtzdale and SCI-Mahanoy where his property was located and to provide him copies of all inventory sheets of his property created in the past 12 months. (*Id.*) Stockton also seeks an order compelling prison officials to ship his five boxes of property to him and allow him "to keep all property with [him at] all times." (*Id.*)

The Commonwealth Defendants oppose Stockton's motion, arguing that his March 2020 loss of property claim is unrelated to the December 20, 2013 excessive use of force claim. (Doc. 131.) In his reply, Stockton claims each of his transfers since 2013 are "related directly" to this matter and without injunctive

relief "Defendants" will "destroy everything [he] has accumulated" in preparation for trial since the incident. (Doc. 132.)

Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances. *See Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020). In order to obtain a preliminary injunction, the requesting party must show: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. *Fulton v. City of Phila.*, 922 F.3d 140, 152 (3d Cir. 2019) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). If the first two "gateway factors" are satisfied, "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested relief." *Reilly*, 858 F.3d at 179. An injunction will not issue "simply to eliminate a possibility of a remote future injury …" *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994) (citations omitted). Rather, the moving party must establish that the harm is imminent and probable. *See Anderson v. Davila¸* 125 F.3d 148, 164 (3d Cir. 1997). However, a party is not entitled to a preliminary injunction unless there is "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*,

396 F. App'x 836, 837 (3d Cir. 2010); *see also Moneyham v. Ebbert*, 723 F. App'x 89, 93 (3d Cir. 2018) ("District Court was correct to deny [ ] requested injunction because it involved allegations unrelated to the complaint.")

In a nutshell, Stockton's motion for injunctive relief seeks to remediate the alleged actions of institutions and/or persons who are not parties to this action for events that are not at issue in this action, and which do not relate to the excessive use of force claim. On this basis alone, the motion will be denied.

Nonetheless, the court will address Stockton's assertion that his legal materials related to this matter are in the five boxes still at SCI-Houtzdale and that "Defendants" will destroy them. (Doc. 128.) Without more, Stockton's statement that "Defendants" or others will destroy his legal materials is speculative, conclusory, and unsupported. The DOC has a policy which governs the handling of prisoner property during a transfer between facilities.[2] The policy provides that property in excess of two records center boxes, or a footlocker, will be shipped by the prison when an inmate is transferred. All additional property must be shipped at the inmate's expense or surrendered for destruction. Stockton's property clearly exceeds the two-box limit.

---

[2] The Court takes judicial notice of DC-AMD 815, *Personal Property, State Issued Items, and Commissary/Outside Purchases*, which is available at the DOC's website. *See https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/815%20Personal%20Property%20State%20Issued%20Items%20and%20Commissary%20-%20Outside%20Purchases.pdf* (last visited Apr. 29, 2020).

While Stockton may not agree with this policy, he has not demonstrated he will suffer irreparable harm if required to follow it. Similarly, the court will deny Stockton's request for an order directing prison officials to permit him to maintain "all of his property at all the times," as he has not shown he will suffer irreparable harm if not granted the requested relief. (Doc. 128 at ¶ 4.) Considering the deference afforded prison officials in questions of prison management, such an order, if granted, would conflict with prison property policies reasonably related to legitimate penological interests. Stockton has simply not shown that he will "more likely than not suffer irreparable harm in the absence of" the requested injunctive relief. *Reilly*, 858 F.3d at 179. Accordingly, his motion for preliminary injunction will be denied for this reason as well.

## CONCLUSION

As Stockton has not provided any valid reason for the court to reconsider Judge Caputo's grant of Commonwealth Defendants' motion for summary judgment with respect to his Eighth Amendment medical claim against Nurse Houck, his motion for reconsideration will be denied. Stockton's motion to compel will be granted in part and denied in part. The court will not compel the Commonwealth Defendants to produce an unredacted copy of Administrative Policy 6.5.1. However, the Commonwealth Defendants shall make the documents produced in discovery available to Stockton prior to the pretrial conference in this

matter.  Stockton's motion for injunctive relief will be denied without prejudice because it is unrelated to the sole remaining claim in this action and Stockton has failed to demonstrate irreparable harm.   An appropriate order will issue.

s/ Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated:  April 30, 2020