IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:16-CV-00613 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendants' motion for summary judgment. (Doc. 198.) This case was previously set for a jury trial in October of 2021, but that was canceled and discovery was reopened to properly address Plaintiff's First Amendment conspiracy claim. (Doc. 196.) Following discovery, Defendants Corrections Officer ("CO") Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard filed a motion for summary judgment. (Doc. 219.) Plaintiff filed a brief in opposition, Doc. 201, and Defendants replied, Doc. 202. For the reasons explained below, Defendants' motion for summary judgment is granted.

### PROCEDURAL BACKGROUND

Plaintiff, Ronald Stockton, an inmate formerly housed at the Smithfield State Correctional Institution (SCI-Smithfield) in Huntingdon, Pennsylvania, filed this civil-rights action pursuant to 42 U.S.C. § 1983, asserting two Eighth Amendment claims against various Pennsylvania Department of Corrections

1

employees.[1] His amended complaint also included a First Amendment claim of retaliation and a conspiracy claim against all Defendants. (Doc. 33.) The procedural history and agreed upon facts of the case are summarized in this court's memorandum addressing Defendants' prior motion for summary judgment, Doc. 116, and will not be repeated in detail here.

At this point in the litigation, Plaintiff's claims had been narrowed down to an Eighth Amendment excessive use of force claim against Defendants CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard and a First Amendment retaliation claim against Lt. Bard, CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson, and Nurse Houck. (Docs. 117, 141, 196.) The court had set the case for trial in October of 2021, but Plaintiff called the court's attention to the unaddressed conspiracy claim against Defendants CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard. (Doc. 192.) The court found that previous dispositive orders had failed to address the pending First Amendment conspiracy claim against these Defendants. (Doc. 196.) Therefore, the court canceled the scheduled trial and reopened discovery on the remaining issue. (*Id.*)

---

[1] Plaintiff is currently housed at SCI-Coal Township.

On November 1, 2021, Defendants CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard filed a motion for summary judgment on the outstanding issue of conspiracy.  (Doc. 198.)  The parties have briefed the issue and the motion is ripe for determination.

### JURISDICTION AND VENUE

The court has federal question jurisdiction over the complaint as it asserts claims under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1331. Venue is appropriate because all actions detailed in the amended complaint occurred within the Middle District of Pennsylvania.  28 U.S.C. § 1391(b)(2).

### STANDARD

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case." *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

**A. Allegations of the Amended Complaint**

The following is a summary of the allegations contained in Plaintiff's amended complaint as they pertain to the claim of First Amendment conspiracy. On December 20, 2013, after Stockton alerted Sgt. Miller and Lt. Bard that he was being held in the RHU past his disciplinary sentence, they directed his cell door to be opened and he was then assaulted by Defendants CO Willinsky, CO Barndt, CO Wilson and CO Harpster. (Doc. 33., p. 7; Doc. 33-1, pp. 5, 9–16).[2] CO Parks opened Stockton's cell door from the bubble. (Doc. 33, p. 5). Defendants later told Stockton his door was opened by accident. Regardless, once the cell door

---

[2] For ease of reference, the court utilizes the page numbers form the CM/ECF header.

opened, Plaintiff fled to avoid a confrontation with the officers. (*Id.*, p. 6). He exited the cell and refused orders to return to it. (Doc. 33-1, pp. 9–16). The officers used force to secure Stockton. (*Id.*) The following individuals were involved in this event: Lt. Bard, CO Willinsky, CO Barndt, CO Wilson, CO Park, CO Harpster, and Sgt. Miller. Defendants CO Barndt, CO Wilson, CO Harpster and CO Willinsky were injured during this altercation. (*Id.*, p. 7; Doc. 33-1, pp. 20–21 and 25–26). A portion of the encounter was captured on video. (*Id.*, pp. 27–28).

Robert Fennell, a fellow RHU inmate, wrote to the local district attorney and volunteered to testify that CO Wilson and CO Harpster conspired with him to assault Stockton when their doors were unlocked. (Doc. 33-1, p. 24). However, when Inmate Fennell's cell door was opened, he froze, and relocked his cell door avoiding the encounter. (*Id.*)

### B. Evidence Material to the Conspiracy Claim[3]

Following a jury trial, Plaintiff was convicted of simple assault for December 20, 2013 altercation. *Commonwealth v. Stockton*, No. 1172 MDA 2015, 2015 WL 7938639 (Pa. Super. Ct. Dec. 4, 2015). Plaintiff did not testify at the

---

[3] In accordance with the court's Local Rules, Defendants have filed their statement of material facts. (Doc. 200.) Plaintiff included a statement of facts in his brief in opposition, Doc. 201, and an affidavit in support of the brief, Doc. 201-2. From those statements, the court has summarized the evidence presented by Plaintiff in support of his First Amendment conspiracy claim.

criminal trial, but Defendants did. (Doc. 96-3.) Their testimony is summarized by the court at Doc. 116; *see also Stockton*, 2015 WL 7938639 at *1.

The main source of evidence in the record regarding the First Amendment conspiracy claim is Plaintiff's deposition. (Doc. 200-1.) He testified that statements made by Officer Kanagy prior to the altercation, statements made at the time of altercation, and actions taken by Defendants and the Department of Corrections ("DOC") following the altercation support his claim of conspiracy. (*Id.*) He testified that on September 30, 2013, his door was opened and Officer Kanagy, who is not a defendant in this case, told him "to come get fucked up." (*Id.*, p. 18.) He further states that on December 20, 2013, when the door was again opened, Defendant Willinsky said "[w]e're going to fuck you up for filing lawsuits," while approaching Plaintiff, and during the physical altercation that followed Defendants CO Bardnt, CO Wilson, Lt. Bard, and CO Harpster stated "fuck him up." (Docs. 200-1, 201, 201-2.) He states that Defendant CO Bardnt stated "we stick together." (Docs. 201, 201-2.) He asserts that "[e]ach Defendant" physically assaulted him during the altercation. (Doc. 201.) Furthermore, Plaintiff stated that despite the ongoing assault on December 20, 2013, Defendants failed to call the shift commander. (200-1, p. 18.)

Plaintiff alleges there is an affidavit from Inmate Fennell that states Inmate Fennell was approached by Defendants CO Wilson and CO Harpster to set up an

7

attack against Plaintiff, but that this affidavit was confiscated by the DOC.  (Doc. 201, p. 6; Doc. 201-2.)  Plaintiff did include a letter from Inmate Fennell to the District Attorney, but it is not sworn to under oath.  (Doc. 203-1, p. 52.)  Plaintiff submitted a confiscated items receipt showing that 55 pieces of paper were removed from his cell on March 2, 2018.  (Doc. 201-1, p. 14.)  He asserts that this included an affidavit from Inmate Fennell.  (Doc. 201, p.5.)

Plaintiff also alleges that the Defendants' accounts of the altercation fail to include that all Defendants assaulted him while in handcuffs and shackles and the DOC altered video of the incident.  (Docs. 201, 201-2.)  He alleges that Defendant CO Willinsky was reprimanded for saying "[w]e're going to fuck you up for filing lawsuits," and then failed to include this in his incident report.  (Doc. 201, p. 3.)  There is a confirmation of verbal reprimand addressed to Defendant CO Willinsky in the record dated March 26, 2014, stating that "you were given a verbal reprimand for using inappropriate language during an unplanned use of force," but it does not give any additional information to indicate the date of the unplanned use of force.  (Doc. 201-1, p. 1.)  The record also includes Defendant CO Willinsky's statement under oath denying that he uttered the above line about revenge for filing lawsuits.  (*Id.*, p. 2–3.)

### C. Standards for Conspiracy Claim

Plaintiff brings his conspiracy claim under 42 U.S.C. § 1983. He claims that there was a conspiracy among Defendants to assault him as retaliation for filing grievances. (Doc. 33.)

There are three elements to a conspiracy claim under 42 U.S.C. § 1983:

> (1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act 'under the color of state law.

*Jutrowski*, 904 F.3d at 294 n. 15 (internal citations omitted)).

After a plaintiff establishes that the object of the conspiracy was the deprivation of a federally protected right, he "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)). In the absence of direct proof, a plaintiff may rely on circumstantial evidence from which a factfinder can infer a "meeting of the minds" or an "understanding or agreement to conspire." *Jutrowski*, 904 F.3d at 294 n. 17.

Here, Plaintiff has failed to establish that there was any meeting of the minds or understanding between Defendants. The September 30, 2013 statement by a

different officer does not establish that there was an understanding or agreement to attack Plaintiff reached by these Defendants. The use of obscenities during the altercation and the force used by Defendants are unresolved issues of fact in this case. However, use of the same obscenity and the use of force are not evidence of an agreement standing alone. The fact that some Defendants deny using force is also not evidence of an agreement. *See Jutrowski*, 904 F.3d at 288–89 ("Bare assertions, conclusory allegations, or suspicions will not suffice.").

The letter and Plaintiff's statements as to the contents of the missing affidavit from Inmate Fennell are not admissible evidence. These documents are heresy under rule Fed. R. Evid. 801(c) and are not admissible as one of the exceptions to the hearsay rule under Fed. R. Evid. 803. The missing affidavit was not located during discovery and no deposition of Inmate Fennell was completed. Plaintiff may not rely upon inadmissible hearsay assertions to avoid summary judgment. *Shelton v. University of Medicine & Dentistry of New Jersey*, 223 F.3d 220, 223 n. 2 (3d Cir. 2000) (hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial); *see also U.S. v. Goss*, No. 1:11-CV-1964, 2015 WL 1944985 at *6 (M.D. Pa. April 29, 2015). Furthermore, the court notes that the events of December 20, 2013 have been heavily litigated with the criminal trial against Plaintiff, *Stockton*, 2015 WL 7938639, a PCRA petition by Plaintiff, *Commonwealth v. Stockton*, No. 1421

MDA 2017, 2018 WL 3719751 (Sup. Ct. Pa. Aug. 6, 2018), a petition for writ of habeas corpus by Plaintiff, *Stockton v. Sec. of Pennsylvania Dept. of Corrections*, No. 1:22-CV-00114, 2022 WL 2919284 (M.D. Pa. July 25, 2022) and this civil suit. Yet, to date, neither the missing affidavit nor testimony of Inmate Fennell have been produced.

Based on a lack of evidence to support a finding of an understanding or agreement, the court will grant Defendants' motion for summary judgment on the issue of the First Amendment conspiracy.

## Conclusion

Based on the foregoing, the court will grant Defendants' motion for summary judgment on the issue of First Amendment conspiracy, Doc. 198. An accompanying order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 6, 2022