IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:16-CV-00613 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are a series of motions filed by Plaintiff, a self-represented inmate currently housed at State Correctional Institution Forest in Marienville, Pennsylvania. Throughout the present litigation, there have been multiple discovery disputes resolved by this court. Discovery is now closed, and the case is currently scheduled for a jury trial on May 23, 2023. Despite this procedural status, Plaintiff now seeks to reopen discovery and reargue the same issues already resolved. To that end, Plaintiff has filed a motion to reconsider the courts' most recent order resolving discovery disputes, a motion for preliminary injunction, and a motion for recusal which, despite their titles, are all vehicles to relitigate issues already decided. These will all be denied. In addition, Plaintiff has filed two motions relevant to his upcoming trial which the court will resolve once they are ripe. Finally, Plaintiff has filed a motion to appoint counsel, which fails to address the factors relevant to the appointment of counsel and instead focuses on the

1

conduct of opposing counsel. Therefore, the court will deny this motion, but grant Plaintiff leave to renew his request.

### A. Plaintiff's Motion to Reconsider the Court's Order Denying his Motion to Compel, Motion for a Preliminary Injunction, and Motion For Recusal Will Be Denied.

On September 6, 2022, the court entered an order denying Plaintiff's motion to compel and motion for sanctions. (Doc. 235.) This order addressed an unredacted copy of an investigative report and the court's three previous orders in October of 2019, July of 2020, and August of 2022, and found that Plaintiff presented no new grounds to reconsider the courts' previous order. (*Id*.) The order addressed the "blue print" of the Bosch camera system and refused to consider the matter because discovery was closed. (*Id*.) The order also addressed the production of videos:

> Defendants further agreed to conduct an additional search for any footage that may exist of officers proceeding through the area Plaintiff references in his motion to compel and produce it within thirty days of their brief in opposition. Therefore, Plaintiff's request to compel Defendants to produce such footage will be denied as moot.

(Doc. 235.) The order denied Plaintiff's motion for sanctions against Defendants. On November 1, 2022, Plaintiff filed a motion for reconsideration of this order. (Docs. 255, 256.)

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new

evidence that was not available when the court issued its prior order; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration "cannot be used to reargue issues that the court has already considered and disposed of." *McSparren v. Pennsylvania*, 289 F. Supp. 3d 616, 621 (M.S. Pa. 2018) (citing *Blanchard v. Gallick*, No. 1:09-cv-01875. 2011 WL 1878226, at *1 (M.D. Pa. May 17, 2011)).

Plaintiff fails to show a change in controlling law, new evidence, or a clear error of law. Instead, he attempts to reargue his assertions of bad faith on the part of Defendants. He cites the submission of newly located video evidence as new evidence of their repeated alleged misconduct in discovery. However, the production of the videos is addressed in the court's order and is not new evidence that justifies its reconsideration. As to the other issues the motion raises, these are merely attempts to reargue past disputes that have been settled by the court. Plaintiff's motion will be denied with the limited instruction that Defendants resend the videos, if they have not already, as Plaintiff alleges they were damaged upon arrival and he could only view two of the four videos.

On December 9, 2022, Plaintiff filed a motion for a preliminary injunction, which appears to be a motion to compel disguised as a motion for preliminary

injunction. (Doc. 268.) Plaintiff again attempts to reargue the issues of the camera "blue print" and asserts that Defendants are withholding evidence. Discovery is closed in this matter. The court will not allow a party to disguise an attempt to relitigate discovery issues as a motion for a preliminary injunction. Therefore, Plaintiff's motion will be denied.

On December 28, 2022, Plaintiff filed a motion for recusal of the Attorney General's Office based on the alleged misconduct of Defendants' counsel during discovery. (Doc. 272.) The court has repeatedly declined to issue sanctions against Defendants' counsel in this case. Plaintiff's motion appears to be another request for sanctions based on his repeated allegations of misconduct during discovery. Plaintiff's motion will be denied.

### B. Defendants Will Be Required To Respond Plaintiff's Remaining Outstanding Motions.

Plaintiff has also filed a motion to reconsider the conspiracy claim that includes the missing affidavit of Inmate Fennell. (Doc. 257.) He has also filed a motion in limine. (Doc. 261.) Defendants shall respond to these motions within fourteen days of the date of this order.

### C. Plaintiff's Motion For Appointment of Counsel Will Be Denied.

Plaintiff filed a motion for appointment of counsel on December 22, 2022. (Doc. 270.) Plaintiff requests appointment of counsel based on the premise that discovery was unfair, jurors will unfairly believe Defendants' counsel because they

are public officials, and he again repeats the alleged misconduct against Defendants' counsel.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)

(citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases."  (*Id.*)

      Plaintiff's motion failed to address the factors the court is to consider when determining whether to appoint counsel.  As written, the motion is merely another opportunity to air his grievances against Defendants' counsel.  Therefore, the motion will be denied with leave to renew with a motion addressing the factors set forth above.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the order denying the September 2022 motion to compel, motion for a preliminary injunction, and motion for recusal will be denied. If not done already, Defendants shall resend the videos initially mailed in July of 2022 since the disc was damaged on arrival. Defendants shall respond to Plaintiff's motion to reconsider the court's order granting summary judgment on the issue of conspiracy, Doc. 257, and motion in limine, Doc. 261. Plaintiff's motion for appointment of counsel will be denied with leave to renew.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: February 7, 2023