IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:16-CV-00613 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

Before the court are four motions filed by Plaintiff Ronald Stockton: (1) a motion for reconsideration of the court's September 6, 2022 order granting summary judgment on the conspiracy claims, Doc. 257; (2) a motion in limine, Doc. 261; (3) a motion to hold Defendants in contempt, Doc. 300; and (4) a motion for Defendants' forfeiture of counsel, Doc. 307.

## PROCEDURAL BACKGROUND

Ronald Stockton ("Plaintiff"), an inmate formerly housed at the State Correctional Institution Smithfield (SCI-Smithfield) in Huntingdon, Pennsylvania, filed this civil-rights action in April of 2016 pursuant to 42 U.S.C. § 1983, asserting two Eighth Amendment claims against various Pennsylvania Department of Corrections employees.[1]  (Doc. 1.)  His amended complaint, which is the operative complaint in this matter, also included a First Amendment claim of

---

[1] Plaintiff is currently housed at SCI-Forest.

1

retaliation and a conspiracy claim against all Defendants. (Doc. 33.) The procedural history and facts of the case are summarized in this court's memorandum addressing Defendants' initial motion for summary judgment, Doc. 116, and will not be repeated in detail here.

Following the court's order addressing Defendants' initial motion for summary judgment, Plaintiff's claims were narrowed down to an Eighth Amendment excessive use of force claim against Defendants CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard, and a First Amendment retaliation claim against Lt. Bard, CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson, and Nurse Houck. (Docs. 117, 141, 196.) The court set the case for trial in October of 2021, but then Plaintiff called the court's attention to the unaddressed conspiracy claim against Defendants CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard. (Doc. 192.) The court found that previous dispositive orders had failed to address the pending First Amendment conspiracy claim against these Defendants. (Doc. 196.) Therefore, the court canceled the scheduled trial and reopened discovery on the outstanding claim. (*Id.*) Discovery on the conspiracy issue closed on September 20, 2021. (*Id.*)

On November 1, 2021, Defendants CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard filed a motion for summary judgment on the

outstanding conspiracy claim. (Doc. 198.) Following briefing, the court entered a memorandum and order granting the motion for summary judgment on the conspiracy claim on September 6, 2022. (Docs. 236, 237.) A trial date was then set for May of 2023. (Doc. 246.)

On November 3, 2022, Plaintiff filed a motion for reconsideration of the September 6, 2022 memorandum and order. (Doc. 257.) He filed a brief in support on November 21, 2022. (Doc. 263.) Defendants were ordered to file a brief in opposition, and did so on February 21, 2023. (Docs. 280, 282.)

Likewise, Plaintiff filed a motion in limine and brief in support on November 17, 2022 seeking to exclude references past misconducts, to exclude evidence that he was found guilty of assaulting Defendant Willinsky, to preclude Defendants from stating that Plaintiff was held in DOC custody, to preclude Defendants from stating that Plaintiff was supposed to be in the restricted housing unit ("RHU"), to exclude the video of the events at issue because it was allegedly tampered with, to exclude the medical report of Defendant Houck under Fed. R. Evid. 803(6), to preclude Defendants from testifying that the shift commander was contacted prior to Defendants entering K-A-1 pod, and to preclude Defendants Bard, Miller[2], Harpster, and Kim from testifying that Plaintiff closed the cell door

---

[2] Defendant Miller was terminated from this action on March 26, 2018 by a stipulation of the parties. (Doc 65.)

or struck Defendant Willinsky.  (Docs. 261, 262.)  Plaintiff also makes an ambiguous statement regarding his habeas corpus petition, without a specific request of the court.  (Doc. 261, p. 2.)[3]  After being ordered to do so, Defendants filed a brief in opposition on February 21, 2023.  (Docs. 280, 283.)

Following a status conference on February 22, 2023, the trial date was postponed to April 23, 2024.  (Doc. 287.)

On April 6, 2023, Plaintiff filed a motion to hold Defendants in contempt and a brief in support.  (Docs. 300, 301.)  Defendants have not filed a brief in opposition.

On May 16, 2023, Plaintiff filed a motion for defendants' forfeiture of counsel and brief in support.  (Docs. 307, 308.)  Defendants have not filed a brief in opposition.

## DISCUSSION

**A. Plaintiff's Motion for Reconsideration will be Denied.**

Because Plaintiff's motion seeks reconsideration of an interlocutory order granting partial judgment, it is brought pursuant to Fed. R. Civ. P. 54(b).  *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final

---

[3] For ease of reference, the court uses the page numbers from the CM/ECF header.

orders—are motions under Federal Rule of Civil Procedure 54(b)."). Under Rule 54(b), an order that does not dispose of every claim in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Qazizadeh*, 214 F. Supp. 3d at 295. Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)). Nevertheless, the following limitations apply to such motions:

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).

Plaintiff's motion is premised on the production of a 2013 affidavit by inmate Robert Ferrell that was not submitted with his initial brief in opposition to Defendants' motion for summary judgment. (Docs. 257, 257-1, 263.) In support of his brief in opposition, Plaintiff included a reference to the affidavit and a letter from inmate Ferrell that was not signed under oath as evidence of the meeting of the minds or an understanding by Defendants, which is an essential element of a conspiracy claim. (Doc. 236.) The court deemed that this letter was hearsay under Fed. R. Evid. 801(c), and not an exception to the hearsay rule under Fed. R. Evid. 803. (*Id.*, p. 10.) The court noted that "[t]he missing affidavit was not located during discovery and no deposition of Inmate Fennell was completed." (*Id.*)

Now, Plaintiff seeks to relitigate the conspiracy claim now that he has located the missing affidavit from 2013, which he calls "newly discovered evidence." (Doc. 257, pp. 1–2.) He alleges that he had this affidavit in his possession, but that it was stolen by the D.O.C. (*Id.*) He states that his family had a copy of the affidavit and sent it to him. (*Id.*) He alleges that "Plaintiff submitted Robert Fernell's 3 page Affidavit to as Affidavit filed by Plaintiff once it was received, but the Court mentioned that it was not received in its opinion, but it should be of record attached to an affidavit filed by Plaintiff, separate from

response to Defendants Summary Judgment." (*Id.*, p. 2.) So, in summary, he alleges that he had a copy of it, submitted it to the court when he received it as an attachment to one of his affidavits, did not attach it the brief in opposition, and then gathered a copy from his family and resubmits it now in an attempt to overcome the court's previous order granting Defendants' motion for summary judgment on the issue of conspiracy.

    The court does not accept this explanation as to the sudden production of the missing affidavit. This litigation has been pending for over seven years. (Doc. 1.) The court even reopened discovery in 2021 on the conspiracy claim. (Doc. 196.) Plaintiff admits that he had this affidavit and his family retained a copy of it. (Doc. 257, pp. 1–2.) Therefore, this is not "newly discovered evidence," but evidence that he was aware of at the time he filed his brief in opposition, referenced it in his brief in opposition, and had access to it through his family during discovery. Despite this, Plaintiff failed to attach the affidavit to the brief in opposition. (Doc. 201.)

    Federal Rule of Civil Procedure 56(c)(1)(A) requires, in pertinent part, that a party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including . . . affidavits or declarations . . ." Plaintiff's brief in opposition to Defendants' motion for summary judgment fails to cite to any location in the record that contains the

7

affidavit. (Doc. 201.) Instead, he simply references that the affidavit exists: "although the D.O.C. arbitrarily confiscated his affidavit Plaintiff has provided one to the extent that Robert Fennell relayed these facts to Plaintiff." (*Id*., p. 6.) This is pertinent because Plaintiff's filings in this action are prolific. The court is asked to locate a single three-page affidavit in the 235 documents filed in CM/ECF in this action, not including the attachments to these documents, without a citation to its location. Furthermore, the court has reviewed the affidavits filed in this action prior to Plaintiff's brief in opposition to Defendants' motion for summary judgment, and no affidavit from Inmate Fennell was attached to any of the affidavits filed by Plaintiff.

Considering Plaintiff was aware of this evidence and had access to this evidence through his family or could have gathered similar evidence through a deposition during the extensive discovery allotted in this action, the court does not consider this affidavit of Inmate Ferrell as "newly discovered evidence." The court finds Plaintiff has failed to establish good cause for the court to reconsider its previous determination. Therefore, Plaintiff's motion for reconsideration will be denied.

### B. Plaintiff's Motion in Limine will be Denied.

Initially, the court notes that this pending motion is Plaintiff's second motion in limine. He initially filed a motion in limine in July of 2020. (Doc. 145.) In the

first motion in limine, Plaintiff made the same first two requests that he makes in the instant motion in limine: (1) precluding the use of any misconduct history; and (2) precluding the use of any prior convictions. (*Id.*)  The court denied this first motion in limine on August 19, 2020.  (Doc. 161.)  The court will now address the pending motion in limine in detail.

### 1. Standard of Review

Prior to trial, courts may rule on motions in limine involving the admissibility of evidence.  Such motions "narrow the evidentiary issues for trial and . . . eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

Generally, relevant evidence is admissible at trial.  Fed. R. Evid. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The court, however, may preclude relevant evidence from trial where its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having

some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (cleaned up).

Further, the Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990); see also *Spain v. Gallegos*, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage. . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." *In re Paoli R. Yard PCB Litig.*, 916 F.2d at 859.

### 2. Plaintiff's Motion

Plaintiff raises nine issues in his motion in limine. (Doc. 261.) Although one of those issues fails to address specific evidence, the court will address it all the same. Specifically, Plaintiff appears primarily concerned with undue prejudice as the justification for his various requests that evidence be precluded. (*Id.*)

### i. Prior Misconducts

Plaintiff again requests that the court preclude any evidence of prior misconducts for "refusing to obey an order" in the jury trial. (Doc. 216, p. 1.) The court has already addressed this in its order denying Plaintiff's first motion in limine when Plaintiff challenged the admission of such evidence on the grounds that Hearing Examiners did not possess a notary public commission:

> This information may be admissible under Fed. R. Evid. 404(b) for this purpose provided that Defendant establish an adequate foundation for admission of the evidence at trial. In the event that Defendants introduce any misconduct histories at trial, Stockton is free to raise all pertinent objections to such evidence other than the objection raised in his motion in limine and ruled upon in this order.

(Doc. 161, pp. 2–3.)

Now, Plaintiff challenges the admission of such evidence based on the argument of unfair prejudice and misleading the jury. (Doc. 262, p. 1.) Specifically, Plaintiff wants to preclude any evidence of any misconduct regarding "refusing to obey an order" because no misconduct for refusing to obey an order was issued for the December 20, 2013 events at issue in the trial. (Doc. 261, p. 1.)

The court is mindful of the Third Circuit's note of caution in *In re Paoli R. Yard PCB Litig* and will not exclude evidence under Fed. R. Evid. 403 prior to trial. Furthermore, Fed. R. Evid. 404 already precludes "the admission of such evidence to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid.

11

404(b)(1). Therefore, Plaintiff's concern about historical misconducts being used to establish his character, is properly addressed under Federal Rule of Evidence 404(b)(1), and he can make such an objection at trial. As such, Plaintiff's motion regarding the introduction of evidence of misconducts will be denied without prejudice to Plaintiff raising appropriate objections during trial.

### ii. Criminal Conviction

Plaintiff again requests the court to preclude the admission of evidence regarding the criminal conviction of the assault against Defendant Willinsky on December 20, 2013. (Doc. 261, pp. 1–2.) This issue was also raised in Plaintiff's first motion in limine. (Doc. 145, pp. 1–2.) The court refused to rule on this issue prior to trial, noting that Defendants failed to address this in its brief in opposition: "In the event that Defendants seek to introduce prior conviction evidence in order to impeach Stockton or any other witness at trial, the court will evaluate such evidence pursuant to Federal Rules of Evidence 609 and 403." (Doc. 161, p. 3.)

Now, Plaintiff is specifically seeking that evidence of his conviction of assault against Defendant Willinsky on December 20, 2013 be excluded from trial because Defendant Willinsky was reprimanded for abusive language, which Plaintiff states is a threat and Defendant Willinsky denied making such a threat in a statement taken on January 18, 2014. (Doc. 261, pp. 1–2.) He alleges that the District Attorney withheld evidence of the reprimand during the criminal trial and

admitted as much in the answer to his petition for writ of habeas corpus. (Doc. 262, p. 4.) However, the exhibit cited (Exhibit D) does not state what Plaintiff alleges it states.[4] (Doc. 261-4.) Considering Plaintiff's documents do not support his assertion, the court will deny the motion regarding this issue and stand on the court's previous finding that in the event that Defendants seek to introduce prior conviction evidence in order to impeach Stockton or any other witness at trial, the court will evaluate such evidence pursuant to Federal Rules of Evidence 403 and 609.

### iii. DOC Custody

Here, Plaintiff seeks to have Defendants precluded from stating that he was supposed to be held in DOC custody during the December 20, 2013 events. (Doc. 261, pp. 2–3.) He alleges that his underlying convictions and resulting sentences are null and void. (*Id.*) He cites to a decision by the Supreme Court of Pennsylvania as Exhibit F, which is docketed as Doc. 261-6. (*Id.*, 3.) However, what Plaintiff cites is not a decision of the Supreme Court of Pennsylvania, but a concurring statement by Justice Wecht that is critical of that Court's handling of

---

[4] Plaintiff appears to allege that Doc. 261-4 is Respondents' response to Doc. 261-3, which is titled a supplemental petition. (Doc. 261.) However, a review of the docket of *Stockton v. Sectary of Pennsylvania Department of Corrections et al.*, No. 1:22-CV-00114-JPW-EW reveals that Doc. 261-4 is the response to the original petition in that action, which was filed on the court's form for a petition under 28 U.S.C. § 2254. *Stockton*, No. 1:22-CV-00114-JPW-EW Doc. 1 and Doc. 28. Therefore, Respondents do not admit to failing to disclose evidence. It is noteworthy that Plaintiff's "supplemental petition" filed in this action as Doc. 261-3 was not actually filed in *Stockton*, No. 1:22-CV-00114-JPW-EW.

13

Plaintiff's claims regarding his sentences, which were ultimately unsuccessful. (Doc. 261-6.) Therefore, the basis for Plaintiff's argument is not the evidence he represents it to be. Regardless, Plaintiff has not succeeded in his habeas corpus petitions. *See Stockton*, No. 1:22-CV-00114-JPW-EW. Whether or not Plaintiff was legally held in DOC custody is not at issue in this action. Therefore, the court will deny the motion regarding this issue. In the event that Defendants seek to introduce prior conviction evidence in order to impeach Stockton or any other witness at trial, the court will evaluate such evidence pursuant to Federal Rules of Evidence 403 and 609.

### iv. Restricted Housing Unit

Similarly, Plaintiff requests that the court preclude Defendants from any evidence regarding his stay in the RHU as he alleges that he was placed in RHU in violation of due process. (Doc. 261, p. 3.) Again, the legality of Plaintiff's placement in the RHU is not at issue in this action. Therefore, evidence of such placement is not detrimental to Plaintiff. To the extent that Defendants seek to introduce evidence of Plaintiff's stay in the RHU as evidence of his character, Plaintiff may object at that time pursuant to Fed. R. Evid. 406. Therefore, the court will deny Plaintiff's motion at this time without prejudice to raising this issue at trial.

### v.  Video

Plaintiff seeks to have the video of the December 20, 2013 incident precluded from the trial.  (Doc. 261, p. 4.)  Plaintiff alleges that this video is not authentic.  (Doc. 261, p. 4; Doc. 261-8.)  The court notes that Defendants will be required to authenticate the video at trial through witness testimony.  Fed. R. Evid. 901.  The court concludes that the most appropriate time to challenge the authenticity of the video is through cross-examination at the trial.  Therefore, Plaintiff's motion will be denied without prejudice to raising this issue at trial.

### vi. Medical Report

Plaintiff seeks to preclude evidence regarding his statement "[the] blood is not mine," from Defendant Houck alleging that she was not present during the strip search when such statements were made.  (Doc. 261, p. 5.)  Plaintiff challenges the evidence as hearsay and argues that it is not an exception to the hearsay rule under Fed. R. Evid. 803(6).  (Doc. 262, p. 10.)  This rule creates an exception to hearsay for records of a regularly conducted activity.  Fed. R. Evid. 803(6).  In response, Defendants assert that the evidence is admissible under Fed. R. Evid. 803(4), which provides an exception to the hearsay rule for statements made for a medical diagnosis or treatment.  (Doc. 283, p. 8.)

Here, the parties failed to provide the evidence that is at issue from Defendant Houck. Without a review of the actual document, the court will deny Plaintiff's motion at this time with leave for a renewal of his objection during trial.

### vii. Testimony regarding the contact of the Shift Commander

Plaintiff seeks the exclusion of testimony regarding the shift commander being contacted prior to Defendants entering the K-A-1 pod, or that Defendants had the authority to enter the pod. (Doc. 261, p. 5.) Plaintiff premises his request on the assertion that the shift commander stated that he was not contacted until after the incident, and cites to exhibits J and H. (*Id*.) Exhibit J appears to be an excerpt from DOC documents and Exhibit H is the DOC policy regarding security level 5 housing units. (Docs. 261-7, 261-9.) Plaintiff provides no rationale for why this evidence should be excluded from trial. (Doc. 262, p. 11.) Therefore, the court will deny the request at this time with leave to raise an appropriate objection at trial if such evidence is introduced.

### viii. Testimony of Bard, Miller, Harpster, and Kim

Plaintiff seeks to preclude Defendants Bard, Harpster, and Kim and nonparty Miller from testifying that any of them observed Plaintiff close the cell door or strike officer Willinsky in front of Plaintiff's cell, alleging that they could not observe this based on where they were standing. (Doc. 216, p. 5.) Plaintiff alleges that these statements lack reliability and should be precluded under Fed. R. Evid.

16

803(6). (Doc. 262, pp. 11–12.) However, Plaintiff has provided no evidence other than his assertion that such testimony would be unreliable. Therefore, the court will deny Plaintiff's motion at this time with leave with leave to raise an appropriate objection at trial if such evidence is introduced.

### ix. Remaining unclear request

Plaintiff makes an unclear request referencing his federal habeas corpus petition that is discussed above. (Doc. 261, p. 2.) His paragraph makes no request regarding this habeas corpus petition or the evidence surrounding it. (*Id.*) Therefore, the court can make no rule regarding this paragraph at this time.

### 3. Conclusion

Based on the forgoing, the court will deny Plaintiff's motion in limine with leave to renew some of his evidentiary challenges during the trial, as discussed above. Plaintiff shall not raise these issues again in a motion in limine.

### C. Plaintiff's Remaining Motions will be Dismissed.

Plaintiff has filed a motion to hold Defendants in contempt and a motion seeking the forfeiture of Defendants' counsel. (Docs. 300, 307.) In the motion to hold Defendants in contempt, Plaintiff seeks to hold both Defendants and the Attorney General's Office in contempt for failing to respond to "multiple court [orders] to turn over all discovery." (Doc. 301, pp. 2–3.) However, Plaintiff fails to provide the date or document numbers for such orders. Therefore, the court is

unable to determine any failure on the part of Defendants during discovery. In addition, the court notes that it has denied Plaintiff's motions to compel or terminated them for failing to file briefs in support throughout the case. (Docs. 74, 92, 115, 126, 135[5], 160, 197, 217, 235, 280.) Therefore, there has only been a single order requiring Defendants to reproduce evidence it had previously supplied, and Plaintiff has not alleged that this order was violated. As such, the court will deny Plaintiff's motion for contempt.

Likewise, the court will deny Plaintiff's attempt to have Defendants' counsel removed. (Doc. 307.) Plaintiff seeks to have Defendants' counsels removed as a sanction for violating discovery orders. (*Id.*) Again, the court has ruled on these allegations and denied Plaintiff's previous requests. *See supra*. Additional attempts to sanction Defendants for discovery violations in this action will not be entertained by the court and will be viewed as deliberate attempts to delay the case.

---

[5] A portion of the request was granted, but this was limited to the reproduction of documents previously disclosed during discovery. (Doc. 135.)

## CONCLUSION

For the foregoing reasons, the court will deny all of Plaintiff's pending motions.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 6, 2023