IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:16-CV-00613 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court is Ronald Stockton's ("Plaintiff") motion to allow the jury to conduct a walk-through, or a view, of a pertinent section of the facility at State Correctional Institution Smithfield ("SCI-Smithfield") as part of the upcoming October 2025 jury trial. (Doc. 417.)[1] In the alternative to allowing an in-person view of the premises during the trial, Plaintiff requests a hand-held video recorder be used to produce evidence prior the trial. (*Id.*) For the following reasons, the court will deny Plaintiff's motion at this time.

### **BACKGROUND AND PROCEDURAL HISTORY**

This action has been pending since 2016 and focuses on an altercation between Plaintiff and Defendants in 2013. (Doc. 1.) On March 5, 2024, the court scheduled a jury trial to commence on September 16, 2024. (Doc. 368.) On May 16, 2024, the court rescheduled the jury trial to March 24, 2025. (Doc. 383.) On

---

[1] Plaintiff did not file a brief in support as required under Local Rule 7.5.

1

January 29, 2025, the court again rescheduled the jury trial for October 27, 2025. (Doc. 410.)

Plaintiff had consistently expressed a desire to have the jury inspect the premises at SCI-Smithfield. (Docs. 395, 408.) On January 30, 2025, the court instructed Plaintiff to file a motion and brief in support of his motion to allow the jury to inspect the premises at SCI-Smithfield by March 31, 2025. (Doc. 411.) Plaintiff filed his motion to allow a viewing by the jury on February 25, 2025. (Doc. 417.) Plaintiff did not file a brief in support as required under Local Rule 7.5. Because Plaintiff included his rationale in the motion itself, the court will view the document as a motion and brief in support in combination. (Doc. 417.) The court will now resolve this pending motion.

## DISCUSSION

**A. Plaintiff's Request for a View of the Prison Premises Will Be Denied.**

Plaintiff's primary request is to allow the jury to view the premises of SCI-Smithfield prior to or in the course of the jury trial. (Doc. 417.) The notes at the outset that even liberally construing the combined motion and brief in support, Plaintiff has provided no legal basis (e.g. case law, Rules of Evidence, or statute) for his request. (*Id.*)

"A federal court, exercising its inherent powers, may allow a jury in either a civil or a criminal case to view places or objects outside the courtroom."

*Gonzalez-Perez v. Gomez-Aguila,* 296 F. Supp. 2d 117, 119 (D. P.R. 2003). "The decision to permit a jury view is committed to the sound discretion of the district court." *Kelley v. Wegman's Food Markets, Inc.*, No. CIV.A. 02-1377, 2003 WL 21091390, at *5 (E.D. Pa. May 15, 2023) (*citing U.S. v. Pettiford,* 962 F.2d 74, 76 (1st Cir. 1992)).  A judge acts within her discretion in denying a motion for a jury view when there is sufficient evidence describing the scene in the form of testimony, diagrams, or photographs. *Id. citing U.S. v. Crochiere,* 129 F.3d 233, 236 (1st Cir. 1997).  The judge "may consider such factors as the orderliness of the trial, whether the jury would be confused or misled, whether it would be time-consuming or logistically difficult, and whether cross examination had been permitted regarding the details of the scene." *Crochiere,* 129 F.3d at 236.

    An on-site visit to a functioning prison would not only be highly unusual, it would also pose significant security risk for the Department of Corrections, the court staff, and the jury.  Furthermore, it would be difficult to control the statements the jury may overhear from other inmates and staff at SCI-Smithfield during the course of the proposed visit.  Therefore, Plaintiff's motion for an on-site visit will be denied.

### B. Plaintiff's Request for a Video of the Prison Premises Will Be Denied.

In the alternative to an onsite visit, Plaintiff requests that the court order the production of a video of the pertinent portion of the prison to be done by a hand-held video at eye-level. (Doc. 417.)

As set forth above, other evidence describing the scene, such as testimony, diagrams, or photographs, can be used in the place of a jury view. *Crochiere,* 129 F.3d at 236. The court notes that counsel for Defendants did not file a response to Plaintiff's motion and Plaintiff did not discuss how he would pay for the production of such a video. This is problematic. The production of a video is not free, and discovery in this case closed long ago. Moreover, it is not clear that the pertinent portion of the prison appears the same at this time as it did at the time of the incident in 2013. If material changes have been made to this portion of the facility, the requested video would likely not be relevant evidence at trial in any event.

Additionally, based on the short rationale provided in Plaintiff's motion, he is seeking the viewing or the video as the way to discredit witness statements and video evidence he anticipates Defendants will present at trial. (Doc. 417.) These statements and video evidence were produced at a criminal trial in state court while Plaintiff was represented by counsel. (Doc. 96-3.) The witness statements were provided under oath and the video evidence was authenticated by a witness prior to

being admitted by that court.  (*Id*., pp. 11–13.)[2]  Therefore, Plaintiff has already had the opportunity, while represented by counsel, to develop a record to undermine the validity of the video evidence, yet it was entered into evidence without objection.  (Doc. 96-3, p. 13.)

In light of the identified issues, the court will deny the motion for the production of the video.  Plaintiff was provided ample time to conduct discovery in this case and request alternative evidence from Defendants should he seek to challenge the video evidence he anticipates being presented in this trial.

## Conclusion

For the foregoing reasons, Plaintiff's request for a jury view will be denied.  Likewise, Plaintiff's motion in the alternative for a video of the premises will be denied.

An appropriate order will follow.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: August 12, 2025

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.