# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:16-CV-00613 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Plaintiff's motion for reconsideration of the court's September 2, 2025 order denying his renewed motion for the jury to inspect and view the premises. (Doc. 469.) This is Plaintiff's third attempt at seeking leave of the court for the jury to view and inspect the premises at SCI-Smithfield, and it will be denied.

### BACKGROUND

On January 30, 2025, the court instructed Plaintiff to file a motion and brief in support of his motion to allow the jury to inspect the premises at SCI-Smithfield by March 31, 2025. (Doc. 411.) Plaintiff filed his motion to allow a viewing by the jury on February 25, 2025. (Doc. 417.) Plaintiff did not file a brief in support as required under Local Rule 7.5. However, because Plaintiff included his rationale in the motion itself, the court viewed the document as a motion and brief

1

in support in combination. (Doc. 434, p. 2.)[1]  On August 12, 2025, the court entered a memorandum and order addressing the motion, stating that "even liberally construing the combined motion and brief in support, Plaintiff has provided no legal basis (e.g. case law, Rules of Evidence, or statute) for his request."  (*Id.*)  Despite the lack of legal basis, the court addressed the potential for an on-site visit of the SCI-Smithfield facility by the jury in detail.  The court concluded that such an on-site visit would be highly unusual, pose a significant security risk, and prove difficult to control the statements the jury may overhear from other inmates and staff, and thus denied the motion.  (*Id.*, p. 3.)  Plaintiff then filed a renewed motion for the jury to inspect and view the premises.  (Doc. 436.)  The court found that this renewed motion was outside the March 31, 2025 deadline and sought the same relief previously denied.  (Doc. 440.)  Therefore, the court denied the motion on September 2, 2025.  (*Id.*)  Plaintiff is seeking reconsideration of this order.  (Doc. 469.)

## STANDARD

Because Plaintiff's motion seeks reconsideration of an interlocutory order granting, it is brought pursuant to Fed. R. Civ. P. 54(b).  *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment,

---

[1] For ease of reference, the court use the page numbers from the CM/ECF header.

2

grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Under Rule 54(b), an order that does not dispose of every claim in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Qazizadeh*, 214 F. Supp. 3d at 295. Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)). Nevertheless, the following limitations apply to such motions:

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiff has filed a motion for reconsideration of the court's September 2, 2025 order denying the renewed motion. (Doc. 469.) In the motion, Plaintiff argues that this court should have liberally construed other documents he filed as a motion for reconsideration and that SCI-Fayette held his brief in support and did not timely mail it. (*Id*.) It is difficult to ascertain if Plaintiff is alleging that he filed a brief in support of his initial motion to view the premise or if he is arguing that he filed a motion for reconsideration that went missing or was misconstrued by the court. (Docs. 469, 470.)

The court finds that the exact challenge Plaintiff is attempting to raise is unclear. He has not filed a brief in support of his original motion to view the premises. Despite this, the court did consider the motion in full. Additionally, he has not filed a motion for reconsideration of the court's order to deny the initial motion to view the premises. Based on Plaintiff's current motion for reconsideration and brief in support, the court finds no reason to readdress the original denial of the motion for a jury view of the premises or the September 2, 2025 order denying the renewed motion.

4

## CONCLUSION

For the reasons discussed above, the court will deny Plaintiff's motion for reconsideration of the September 2, 2025 order. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 6, 2025