# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 1:16-CV-00613 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court are several motions in limine filed in preparation for the upcoming jury trial scheduled in this case to begin on October 27, 2025. (Docs. 432, 443, 446, 448, 450, 452, 454.) The court will deny Plaintiff's motion in limine, deny in part Plaintiff's supplemental motion in limine, partially grant Defendants' first motion in limine, defer ruling on Defendants' second motion in limine, grant Defendants' third motion in limine, and deny Defendants' fourth and fifth motions in limine.

## BACKGROUND

Ronald Stockton ("Plaintiff") filed this civil rights action in April of 2016 pursuant to 42 U.S.C. § 1983, asserting two Eighth Amendment claims against various Pennsylvania Department of Corrections employees. (Doc. 1.) His amended complaint, which is the operative complaint in this matter, also included a First Amendment claim of retaliation and a conspiracy claim against all

1

Defendants. (Doc. 33.) The procedural history and facts of the case are summarized in this court's memorandum addressing Defendants' initial motion for summary judgment, Doc. 116, and will not be repeated in detail here.

Following the court's order addressing Defendants' initial motion for summary judgment, Plaintiff's claims were narrowed to an Eighth Amendment excessive use of force claim against Defendants CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard, and a First Amendment retaliation claim against Lt. Bard, CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson, and Nurse Houck. (Docs. 117, 141, 196.) The court set the case for trial in October of 2021, but at that time Plaintiff called the court's attention to the unaddressed conspiracy claim against Defendants CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard. (Doc. 192.) The court found that previous dispositive orders had failed to address the pending First Amendment conspiracy claim against these Defendants. (Doc. 196.) Therefore, the court canceled the scheduled trial and reopened discovery on the outstanding claim. (*Id*.) Discovery on the conspiracy issue closed on September 20, 2021. (*Id*.)

On November 1, 2021, Defendants CO Barndt, CO Harpster, CO Parks, CO Willinsky, CO Wilson and Lt. Bard filed a motion for summary judgment on the outstanding conspiracy claim. (Doc. 198.) Following briefing, the court entered a memorandum and order granting the motion for summary judgment on the

conspiracy claim on September 6, 2022. (Docs. 236, 237.) A trial date was then set for May of 2023. (Doc. 246.)

Plaintiff filed a motion in limine and brief in support on November 17, 2022, seeking to exclude references to past misconducts, to exclude evidence that he was found guilty of assaulting Defendant Willinsky, to preclude Defendants from stating that Plaintiff was held in the custody of the Department of Corrections ("DOC"), to preclude Defendants from stating that Plaintiff was supposed to be in the restricted housing unit ("RHU"), to exclude the video of the events at issue because it was allegedly tampered with, to exclude the medical report of Defendant Houck under Fed. R. Evid. 803(6), to preclude Defendants from testifying that the shift commander was contacted prior to Defendants entering K-A-1 pod, and to preclude Defendants Bard, Miller[1], Harpster, and Kim from testifying that Plaintiff closed the cell door or struck Defendant Willinsky. (Docs. 261, 262.) On February 22, 2023, a status conference was held, and the jury trial was rescheduled to April 23, 2024. (Doc. 287.) On September 9, 2023, the court denied Plaintiff's motion in limine. (Docs. 311, 312.)

---

[1] Defendant Miller was terminated from this action on March 26, 2018 by a stipulation of the parties. (Doc 65.)

On May 16, 2024, the court rescheduled the jury trial to March 24, 2025. (Doc. 383.)  On January 29, 2025, the court again rescheduled the jury trial to October 27, 2025.

On August 12, 2025, the court received and docketed a motion in limine from Plaintiff asking for: 1) the production of video from the SD cards of the wall-mounted camera; 2) the exclusion of video footage at Doc. 97; 3) the inclusion of video footage at Doc. 97 to demonstrate the fraudulent activities of Defendants; 4) the preclusion of his alleged refusal to follow an order based on the fact that he never received a misconduct for the alleged refusal;5) and the jury be instructed as to spoilation of evidence because a correctional officer failed to record the debriefing allowing the correctional officers the opportunity to provide a "freelance story." (Docs. 432, 433.)  Defendants filed a brief in opposition wherein they request that Plaintiff be precluded from presenting testimony or evidence that Defendants or their counsel made misrepresentations as to the video footage of the use of force at issue in this case.  (Doc. 438.)

Plaintiff then filed a supplemental motion in limine, which was received by the court on September 11, 2025.  (Doc. 443.)

Defendants filed five motions in limine on September 12, 2025.  (Docs. 446, 448, 450, 452, 454.)  Plaintiff filed briefs in opposition to four of Defendants'

4

motions.  (Docs. 474, 475, 477, 478.)  The court will now address all seven of the pending motions in limine.

## STANDARD

"The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial."  *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, No. 1:15-cv-00859, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017) (citations omitted).  A motion in limine permits "the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."  *See United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017); *see also United States v. Hamdan*, 537 F. Supp. 3d 870, 878–79 (E.D. La. 2021) ("[T]he purpose of a motion in limine is to prohibit [an opponent] 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.'" (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977))).

Moreover, this court has held the following in regards to motions in limine:

> [o]n a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds."  [*Tartaglione*, 228 F. Supp. 3d at 406.]  Evidentiary rulings on motions in limine are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion.  *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d

5

149, 161 (3d Cir. 1994). . . . Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." [*Ridolfi*, 2017 WL 3198006, at *2] (citation omitted).

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." [*Tartaglione*, 228 F. Supp. 3d at 406] (citation omitted). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

*See United States v. Larry*, 537 F. Supp. 3d 766, 768 (M.D. Pa. 2021).

## DISCUSSION

### A. Plaintiff's Motion in Limine Will Be Denied.

As set forth above, Plaintiff has filed a motion in limine seeking the production of video from the SD cards of the wall-mounted camera, the exclusion of video footage at Doc. 97, the inclusion of video footage at Doc. 97 to demonstrate the fraudulent activities of Defendants, the preclusion of his alleged refusal to follow an order based on the fact that he never received a misconduct for the alleged refusal, and the jury be instructed as to spoilation of evidence because a correctional officer failed to record the debriefing allowing the correctional officers the opportunity to provide a "freelance story." (Docs. 432, 433.) The court has already denied Plaintiff's attempts to have the video at Doc. 97 excluded from evidence at trial. (Doc. 312.)

Plaintiff's motion demonstrates that he intends to argue a narrative of conspiracy on the part of Defendants and the entire DOC.  He is adamant that the video footage has been altered and that evidence has been omitted or altered as a means to fabricate a justifiable reason for the use of force at issue.  However, the conspiracy claim was resolved by grant of summary judgment to Defendants.  The conspiracy claim is no longer at issue in this case.  The issues presented to the jury will include only the alleged excessive use of force and the alleged retaliation against Plaintiff.  As such, Plaintiff's motion in limine will be denied.  Plaintiff remains free to challenge the evidence submitted by Defendants on other grounds, consistent with the Federal Rules of Evidence.

**B. Plaintiff's Supplemental Motion in Limine Will Be Denied In Part.**

In his supplemental motion in limine, Plaintiff is seeking the exclusion of testimony of Defendants as to what they witnessed through the bottom slider. (Docs. 443, 444.)  He also requests that the statements of inmates be excluded as they were not made under the penalty of perjury. (Doc. 444.)

Plaintiff's attempts at precluding Defendants' testimony as to what they observed on the day in question will be denied in advance of trial.  However, he is free to cross examine Defendants with respect to their ability to observe the events in question.

Plaintiff's request that statements made by inmates prior to trial without the penalty of perjury will be deferred until trial. To the extent such statements would be considered hearsay without an exception, they would be excluded. *See* Fed. R. Evid. 801 & 803. However, Defendants have argued that the witnesses may be called to establish a hearsay exception and the statements may be used for other purposes such as impeachment or refreshing a recollection. As a result, the court will not rule on the admissibility of these out of court statements at this time.

**C. Defendants' First Motion in Limine Will Be Granted In Part.**

Defendants request that Plaintiff be precluded from bringing any evidence, testimony, and argument regarding his alleged injuries and alleged damages. (Doc. 446.) Specifically, Defendants seek to bar any attempts by Plaintiff to provide testimony about the causation of his alleged injuries following the use of force because he is a lay witness. (*Id.*) Defendants anticipate that Plaintiff will attempt to introduce evidence, testimony, and argument concerning alleged injuries and damages that he claims were caused by the use of force. (Doc. 447, p. 2.)[2] Plaintiff opposes this motion and clarifies that he intends to present documented evidence that at the time of the incident he was listed as a stability code "D" for serious mental illness, and he intends to subpoena[3] the head Psychiatrist and

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[3] Plaintiff's subpoena forms have been denied because he has failed to file a motion setting forth the information required for this court to issue such subpoenas. (Docs. 486, 494.)

Medical Doctor to testify "in those regards," rendering Defendants' motion moot. (Doc. 474.)

The admissibility of the proposed evidence challenged by Defendants is governed, at least in part, by Federal Rules of Evidence 701 and 702. Under Rule 701, a non-expert witness may only offer "testimony in the form of an opinion" if it is: "[(1)] rationally based on the witness's perception; [(2)] helpful to clearly understanding the witness's testimony or to determining a fact in issue; and [(3)] not based on scientific technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701. Rule 702 then provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

*See* Fed. R. Evid. 702.

When attempting to introduce evidence relating to injuries allegedly suffered due to a defendant's conduct, if "the complexities of the human body place

9

questions as to the cause of the pain or injury beyond the knowledge of the average layperson[,] . . . the law requires that expert medical testimony be employed." *See Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 852 (3d Cir. 1995) (quoting *Gradel v. Inouye*, 421 A.2d 674, 679 (Pa. 1980)). Thus, while a plaintiff may testify about what occurred and any symptoms he experienced after the defendant's conduct, *see White v. Wireman*, 500 F. Supp. 3d 327, 333 (M.D. Pa. 2020) (addressing motion in limine seeking to preclude plaintiff from introducing evidence that he suffered high cholesterol and low fiber after consuming food provided by a correctional facility that did not comply with his religion, and concluding that plaintiff "could describe the things he ate and the symptoms he experienced thereafter"), "evidence of [a] resulting diagnosis, if any, and its causes are inadmissible unless supported by expert testimony." *See id.* (citing *Ferris v. Pa. Fed'n Bhd. of Maint. of Way Emps.*, 153 F. Supp. 2d 736, 746 (E.D. Pa. 2001) determining that plaintiff could not testify about "any specific medical diagnosis of his mental ailments," such as his depression and anxiety disorder, because those conditions "are complex injuries beyond the knowledge of the average layperson").

    In the instant case, the court will grant the motion in part insofar as Defendants seek to preclude Plaintiff from testifying about any specific diagnosis or illness allegedly caused by Defendants' conduct because such testimony would

have to come from an expert pursuant to Rule 702.  The court will reserve ruling on the remainder of this motion until the time of trial in order to understand the factual context for the potential testimony.

### D. Ruling on Defendants' Second Motion in Limine Will Be Deferred.

Defendants' second motion in limine requests the exclusion of Security Policy 6.5.1 and 6.3.1.  (Docs. 448, 449.)  Defendants assert that these policy statements were not in effect at the time of the 2013 incident and would be prejudicial to Defendants.  (Doc. 449.)

The jury will be considering claims of excessive force and retaliation. Plaintiff states that Security Policy 6.5.1 was relied upon by his criminal attorney during the criminal action that followed the 2013 use of force, which means the policy was relevant at the time of the use of force.  (Doc. 475, p. 5.)  Plaintiff also states that he intends to use the policies to impeach Defendants' testimony and to "preserve the constitutional and common law right fort the need to promote the ability of the public to understand the judicial process itself."  (*Id.*)

The admissibility of the proposed evidence challenged by Defendants is governed, at least in part, by Federal Rules of Evidence 401, 402, and 403.  Federal Rule of Evidence 402 states that all relevant evidence is admissible.  Federal Rule of Evidence 401 states that evidence is relevant where it has "any tendency to make a fact more or less probable than it would without the evidence, and the fact

is of consequence in determining the action." Federal Rule of Evidence 403 excludes relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The court acknowledges that motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, but a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

The issue before the jury will be whether or not Defendants violated the Eighth Amendment and First Amendment by their actions on December 20, 2013. The court highlights that a violation of prison policy is not equivalent to a constitutional violation. It is axiomatic that "a prison policy manual does not have the force of law and does not rise to the level of a regulation" and that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Seism*, 449 F. App'x 232, 235 (3d Cir. 2011) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"). However, the court will consider Plaintiff's argument that prison policy may be used to impeach Defendants.

Defendants raised the argument that these policies are outdated and irrelevant. (Doc. 449, pp. 4–5.) Defendants state that the "old, stale polices[were] not in affect the time". (*Id*., p. 5.) Yet, Plaintiff alleges that this policy was in effect because his defense attorney relied on it in the criminal action against him that followed the use of force. (Doc. 475, p. 5.) Additionally, the court notes that this policy is part of the public record in an unrelated action in this court and multiple non-party inmates, including Plaintiff, have requested and received copies of this policy. *See Victor v. Lawler*, No. 3:08-cv-01374-MCC, Doc. 183-2 (M.D. Pa.).

13

Additionally, the court notes that Plaintiff is free to develop testimony concerning the policy in place in December of 2013 through the testimony of witnesses. In consideration of the above discrepancy as to the whether or not the policies were in effect on December 20, 2013 and the potential use of the policies to impeach Defendants, the court will defer a decision on the admissibility of this document.

### E. Defendants' Third Motion in Limine Will Be Granted.

Defendants are seeking the preclusion of any mention, discussion, or argument regarding a specific number or amount of damages pursuant to *Walkorf v. Shuta*, 896 F.2d 723, 743–44 (3d Cir. 1990). (Doc. 450.) Specifically, Defendants request that Petitioner be precluded from discussing a specific dollar amount in damages and a request for attorney fees. (Doc. 451.) In *Waldorf*, the Court addressed this precise question, stating as follows:

> The question whether plaintiff's counsel may request a specific dollar amount for pain and suffering in his closing remarks is a matter governed by federal law, and we now hold that he may not make such a request. . . We hold that the references by plaintiff's counsel in his closing remarks to a minimum dollar amount that plaintiff should be awarded for his pain and suffering could have irrationally inflated the damages award and, under the facts of this case, constituted reversible error.

*Waldorf*, 896 F.2d at 744. Thus, while *Waldorf* draws a bright-line rule forbidding closing arguments which request a specific dollar amount in damages for pain and suffering, the Court of Appeals has also stated that: "we have never extended the

14

prohibition set forth in *Waldorf* to include comments that suggest a method for quantifying the plaintiff's suffering." *Rutter v. Rivera*, 74 F. App'x 182, 185 (3d Cir. 2003).

The court will grant Defendants' motion in limine with respect to testimony and evidence concerning a specific number or amount of damages for pain and suffering or the cost of attorney fees.

### F. Defendants' Fourth Motion in Limine Will Be Denied.

Defendants are seeking to exclude the factual evidence underlying the alleged protected conduct of Plaintiff in furtherance of his First Amendment retaliation claim because it is irrelevant. (Docs. 452, 453.) Instead, Defendants seek to limit his production of evidence to only evidence tending to show that he was engaged in such conduct. (Doc. 453.) Plaintiff argues that the factual evidence of the underlying constitutional conduct will speak to the intent of Defendants on December 20, 2013. (Doc. 477.)

A prisoner asserting a retaliation claim must demonstrate the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir.

15

2003). The filing of a lawsuit or a prison grievance constitutes protected activity under the First Amendment. *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015).

Therefore, Plaintiff is required to demonstrate that he was engaged in constitutionally protected conduct, i.e. filing of a lawsuit or grievance against Defendants. The underlying facts of the alleged constitutionally protected conduct can relate to the third element of retaliation–whether the constitutionally protected conduct was a substantial or motivating factor for the adverse action. This causation requirement relates to the intent of Defendant's conduct, and the court will not cut Plaintiff's case in chief short by not allowing him to introduce the evidence required to demonstrate two of the three factors for this claim. Therefore, the court will deny Defendants' fourth motion in limine.

### G. Defendants' Fifth Motion in Limine Will Be Denied.

Defendants are seeking to exclude evidence of the camera blueprints. (Doc. 454.) Specifically, Defendants are seeking the exclusion of the Blueprint to Bosch Camera Flexidome 4000 series docketed as Doc. 416-1. (Doc. 455.) Defendants allege that this document is dated almost ten years after the December 2013 incident at issue in this case and Plaintiff has not identified any witnesses who would testify about either the workings of the camera or the blueprints. (*Id.*) Defendants allege that the blueprints have nothing to do with the factors of an excessive use of force claim or a retaliation claim. (*Id.*) Additionally, they argue

16

that there is no proposed witness to authenticate the blueprints and they qualify as hearsay under the Federal Rules of Evidence. (*Id*.) Plaintiff argues that these blueprints are highly relevant because they demonstrate that the video Defendants will present has been altered. (Doc 478.) Plaintiff's response to Defendants' motion in limine continues to assert the fabrication of evidence on the part of Defendants and the blueprints are a means to establish this fabrication. (*Id*.)

As set forth above, the DOC's alleged conspiracy against Plaintiff is not before the jury. Instead, the jury must consider the claims of excessive force and retaliation as it pertains to the December 20, 2013 use of force. Therefore, Plaintiff's case in chief cannot address the alleged overarching conspiracy. With that overarching restriction, the court can see how attacking the credibility of video evidence as a means of impeaching Defendants may be appropriate. Accordingly, the court will deny Defendants' motion in limine and allow Plaintiff to present the properly authenticated evidence as a means of impeaching witness testimony. Should Plaintiff not be able to properly authenticate the evidence, the court will exclude the evidence from the jury's consideration.

## CONCLUSION

For the reasons set forth above, the court will deny Plaintiff's motion in limine, deny in part Plaintiff's supplemental motion in limine, partially grant Defendants' first motion in limine, defer Defendants' second motion in limine, grant Defendants' third motion in limine, and deny Defendants' fourth and fifth motions in limine.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 23, 2025